**UNITED STATES of America**

v.

**Elliott RICHO, a/k/a Timothy Green**

**Elliott Richo, Appellant.**

No. 07–4188.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 2, 2009.

Filed Aug. 26, 2009.

Floyd J. Miller, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Peter A. Levin, Esq., Philadelphia, PA, for Appellant.

Before: McKEE, HARDIMAN, and GREENBERG, Circuit Judges.

OPINION OF THE COURT

McKEE, Circuit Judge.

Elliott Richo appeals the sentence that was imposed pursuant to his guilty plea to six counts of bank robbery and one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a). For the reasons that follow, we will affirm.

I.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural history. Richo argues that the sentence was unreasonable because the sentencing court failed to analyze all relevant § 3553(a) factors. Specifically, he contends the court should have considered a lesser sentence in light of his history of drug addiction and his age which makes it unlikely that he will commit another offense when released.

We review a district court's sentence for abuse of discretion. *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). In doing so, we must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts,

or failing to adequately explain the chosen sentence." *Id.* at 597. We will uphold the sentence if the record discloses "meaningful consideration of the relevant statutory factors and the exercise of independent judgment, based on a weighing of the relevant factors." *United States v. Grier,* 475 F.3d 556, 571–72 (3d Cir.2007) (en banc). The record must show that the sentencing judge "set forth enough to satisfy [us] that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). However, the sentencing court need not make specific findings on the record as to each factor if it is clear that all pertinent factors have been considered. *United States v. Lessner,* 498 F.3d 185, 203 (3d Cir.2007).

Richo's challenge to the reasonableness of the sentence is meritless. The district court listened to arguments about the significance of his longstanding drug addiction during Richo's request for a lesser sentence. (App.5–8). Moreover, the district court adopted the findings of the presentence report, which also addressed Richo's history of drug addiction. The court clearly considered that factor. We will not conclude that the resulting sentence was unreasonable merely because the sentencing judge did not attach the same importance to Richo's history of substance abuse as Richo does.

Similarly, there is nothing to suggest that the district court failed to consider Richo's age. Although he was 42 years old when sentenced, Richo is a career offender with a long history of serious crimes. Richo cites *United States v. Nellum,* an unpublished district court decision where a sentence was imposed below the defendant's guideline range based partly on the defendant's advanced age. 2005 WL 300073 (N.D.Ind.2005). We need not respond to an unpublished district court opinion. That is particularly true where, as in *Nellum,* the case involved a defendant whose criminal history involved only two misdemeanor drug possession convictions, and the defendant suffered from multiple health problems which were likely to worsen before his release.

The district court found that Richo committed a "barrage of robberies" in a short period of time, inflicting fear in the bank tellers who were the victims of his robbery spree. Given all of the circumstances here, including the personal characteristics and background of the defendant and the seriousness of his conduct, we believe that the court's sentence was imposed after meaningful consideration of all of the factors in § 3553(a). Moreover, the record suggests that the sentencing court did consider Richo's age and substance abuse problems because his sentence is at the absolute bottom of the applicable advisory guideline range. Therefore there was no abuse of discretion and the sentence that was imposed is reasonable.

## II.

For all of the above reasons, we affirm the district court's sentence.